**Donald W. GEIB, d/b/a Rochester Colonial Amoco, Plaintiff–Appellant,**

v.

**AMOCO OIL COMPANY, a Maryland corporation, Defendant–Appellee.**

No. 92–2129.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 1995.

Rehearing Denied April 5, 1995.

Before: MERRITT, Chief Judge; and ENGEL and BOGGS, Circuit Judges.

The court delivered a opinion. ENGEL, J. (p. 330), delivered a separate concurring opinion. BOGGS, J., concurred in both the opinion of the court and the separate concurrence.

PER CURIAM.

In *Geib v. Amoco Oil Co.*, 29 F.3d 1050 (6th Cir.1994), a published opinion filed in the above appeal on July 19, 1994, our court affirmed the judgment of the district court insofar as it dismissed Geib's federal statutory claim and state common law claims. We also held that Geib's asserted claim under Michigan's Franchise Investment Law ("MFIL") did not fall within the federal preemptive provision of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 *et seq.* At that time, however, we reserved our decision on whether plaintiffs have a private right of action for a breach of the MFIL or whether, as held by the district judge, the MFIL depends upon the Michigan Attorney General alone for its enforcement.

Because of our uncertainty on this particular question we sought to certify it to the Supreme Court of Michigan, observing: "We believe that judicious resort to the technique of certification in situations such as this, where an important question of state law has arisen solely in federal court, 'prevent[s] federal invasion of the state law-making function and [avoids] needless federal-state friction.'" We also cited *Clay v. Sun Ins. Office Ltd.*, 363 U.S. 207, 212, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960), in which the Supreme Court of the United States favors this procedure. The issue appeared to our court to be one of some moment to the State of Michigan, and we cited in our earlier opinion not only the legislative history before the Michigan Supreme Court, but also the history of the Act's construction in our own court, particularly in *General Aviation, Inc., v. Cessna Aircraft*, 915 F.2d 1038, 1044 (6th Cir.1990), and in that case again at 13 F.3d 178 (6th Cir.1993). These cases reflect the judgment of our court at the time that a private cause of action was in fact created by the 1984 revisions to the MFIL. Nevertheless, we spelled out our un-certainty about the accuracy of this interpretation with great care in our earlier opinion, primarily because of new evidence suggesting that both the executive and legislative branches of the Michigan government intended to vest sole enforcement authority in the Attorney General of Michigan, not to create a private cause of action, in order to communicate to franchisors that Michigan was a favorable state in which to operate. See particularly *Geib v. Amoco*, 29 F.3d at — – —, slip op. p.17–18 and 29 F.3d at 1060, fn.7. We set forth all of this in our opinion and in the request for certification to the Supreme Court of Michigan.

Since the Supreme Court of Michigan did not see fit to accept certification despite this additional information, we see no alternative to continuing the law as we have already interpreted it in this circuit and as it is expressed in *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038 (6th Cir.1990).

Accordingly, insofar as the judgment of the district court ruled that no private cause of action was stated by the plaintiff's invocation of the Michigan Franchise Investment Law, we REVERSE that judgment and REMAND the cause for further proceedings consistent with our conclusion in *General Aviation, Inc. v. Cessna Aircraft, supra.*

ENGEL, Circuit Judge, concurring.

I fully concur in the decision to reverse the judgment and to remand so as to follow our court's previously expressed decision as a matter of *stare decisis.* Were this issue before us as an original matter, however, I am quite certain that I would hold that the Michigan legislature and governor did not intend to create a private cause of action, but intended to vest sole enforcement authority in the Attorney General. I find the legislative history most convincing that the legislature and governor were sufficiently concerned about the retention of business in Michigan, in view of the state's then flagging economy, that they did not want to risk subjecting franchisors to the vagaries of private causes of action for perceived violations of that statute. It seems to me that the Michigan state government knows very well

how to create a private cause of action when it wants one and that it specifically refrained from doing so here. However, I agree that we are bound to honor our prior decision as a matter of *stare decisis* and that this is, if anything, reinforced by the Michigan Supreme Court's refusal to take action on our petition for certification.